United States District Court
for the
Southern District of Florida

| Devon A. Brown, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) |
| Ann Coffin, individually and as Program Director for the Florida Child Support Title IV-D Agency, and Florida Department of Revenue Office of Child Support Enforcement, Defendants. | ) Civil Action No. 17-21893-Civ-Scola |

## Order Dismissing Complaint

Since 2013 Plaintiff Devon A. Brown appears to have filed no fewer than twelve pro se complaints in the district court of the Southern District of Florida.[1] Ten of these cases have been dismissed. The two that have not been dismissed, this one and one other, which is before United States District Court Judge Jose E. Martinez (case no. 1:17-cv-20822-JEM), were only recently filed and are pending review. Six of the complaints, including the two currently pending, stem from frustrations Brown has regarding the Defendants' involvement with some sort of child-support issue.

To begin with, counts one through five and count nine of the instant complaint, as they relate to the Department of Revenue, are duplicative of claims that Brown brought in 2016 in *Brown v. Fla. Dept. of Rev. Office of Child Support* before United States District Court Judge Marcia G. Cooke in case number 1:16-cv-24654-MGC. Judge Cooke dismissed those six claims because "Defendant Florida Department of Revenue [] as a state agency is immune from section 1983 damage suits under the Eleventh Amendment of the U.S. Constitution." *Brown v. Fla. Dept. of Rev. Office of Child Support*, 1:16-cv-24654-MGC (Order, ECF No. 26, Mar. 28, 2017) (citing *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) and *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986)). Brown has since appealed that dismissal to the Eleventh Circuit. Brown is therefore precluded from raising these same claims, now under review by the Eleventh Circuit, anew, in a separate suit. Counts one through five and count nine, as against the Department of Revenue are thus dismissed.

---

[1] The case numbers of these cases, in addition to the instant case, are as follows: 1:13-cv-22254-KMM, 1:14-cv-21142-MGC, 1:14-cv-24696-JLK, 1:15-cv-20015-KMM, 1:15-cv-22051-RNS, 1:15-cv-22054-RNS, 1:16cv20687-RNS, 1:16-cv-21513-MGC, 1:16-cv-24654-MGC, 1:17-cv-20734-KMM, 1:17-cv-20822-JEM.

Similarly, counts one through nine, as they relate to Ann Coffin, both individually and in her official capacity, are duplicative of the claims that Brown brought in February 2017, in *Brown v. Coffin* before United States District Court Judge K. Michael Moore in case number 1:17-cv-20734. Judge Moore dismissed Brown's complaint in that case, finding it "frivolous . . . because it fails to identify any federal rights that have been plausibly violated." *Brown v. Coffin*, 1:167cv-20734-KMM (Order, ECF No. 5, Feb. 26, 2017). Brown's allegations against Coffin in this case are the same as those detailed in the complaint before Judge Moore. If Brown disagreed with Judge Moore's order of dismissal, his remedy was to appeal that decision; not to refile the same case, with nearly identical allegations, perhaps in the hopes of having his case decided by a different judge. Counts one through nine, as against Coffin, are thus also dismissed.

This leaves only counts six, seven, and eight against the Department of Revenue. For the same reason that Judge Cooke dismissed Brown's other counts against the Department, this Court dismisses these three counts as well: the Department is a state agency and therefore is immune from suit in federal court under the Eleventh Amendment. Although it is true, as Judge Cooke informed in her order, that a "waiver of sovereign immunity exists under Florida law for tort actions," "that law does not apply here as no tort claims are alleged." *Brown v. Fla. Dept. of Rev. Office of Child Support*, 1:16-cv-24654-MGC (Order, ECF No. 26, Mar. 28, 2017) (citing Fla. Stat. § 768.28). In counts six, seven, and eight Brown alleges: violations of the Fair Debt Collection Practices Act; a bill of attainder; and violations of the Florida Constitution's prohibition of administrative penalties under article I, section 18. None of these are torts. Simply adding the word "tort" to the title of the complaint does not convert any of Brown's claims to torts.

Even under the relaxed pleading standards afforded to pro se litigants, Brown's complaint cannot go forward. Under 28 U.S.C. § 1915(e), the Court must dismiss a case filed *in forma pauperis* if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The majority of Brown's claims are duplicative of claims he has brought before other judges, which themselves have already been found to warrant dismissal, and the others are barred by sovereign immunity. Because any amendment would be futile, the Court **dismisses** Brown's complaint, albeit **without prejudice**, but without affording him the opportunity to amend. Further, because his complaint is dismissed without leave to amend, Brown's motion to proceed *in forma pauperis* (**ECF No. 3**) is **denied as moot**.

Lastly, in noting that Brown has now filed six complaints, all implicating the same child-support issues and many containing identical allegations, the

Court finds that Brown's overly-litigious behavior is needlessly draining court resources. "Courts are authorized to take 'creative actions to discourage hyperactive litigators as long as some access to the courts is allowed.'" *Cuyler v. Ley*, No. 1:12-CV-3066-JEC, 2013 WL 4776347, at *7 (N.D. Ga. Sept. 5, 2013) (quoting *Cofield v. Alabama Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir.1991)). The Court therefore imposes a pre-filing-screening requirement for certain further pro se complaints filed by Brown. To that end, Brown must seek leave of court before filing any future pro se complaints in the Southern District of Florida <u>regarding matters related to his child-support issues</u>. *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others.") The Clerk is therefore **directed** to designate Plaintiff Devon A. Brown as a **restricted filer** consistent with the above requirements.

The Clerk is **directed to close** this case and any pending motions are denied as moot.

**Done and ordered**, at Miami, Florida, on May 25, 2016.

_____
Robert N. Scola, Jr.
United States District Judge

<u>Copy via U.S. mail to</u>:

Devon A. Brown
P.O. Box 470373
Miami, Florida 33247